*Reversed and remanded.*

---

### Dan Green *v.* The State.

1. Practice—Continuance.—Accused, on trial for an assault with intent to murder, applied for a continuance in the court below on account of the absence of a witness by whom he expected to prove that, subsequent to the assault, the party assaulted had stated that the accused had nothing to do with the assault. It does not appear from the record that the party assaulted was subpœnaed by the state as a witness, present at the trial, or testified in the case. *Held*, that there is no error apparent in the refusal of the continuance.

2. Grand Jury—Challenge to the Array.—There are but two causes of challenge to the array of grand juries. The first is that the list of persons summoned by the sheriff was not in fact selected by the county court; the second is that the sheriff has acted corruptly in summoning any one or more of the jurors, in cases of a grand juror summoned by order of the district court, when there has been a failure to act by the county court, or a failure to attend on the part of the person summoned.

Appeal from the District Court of Milam. Tried below before the Hon A. S. Broaddus.

The facts of the case are sufficiently stated in the opinion of the court.

No brief for the appellant.

*A. J. Peeler*, Assistant Attorney General, for the State.

ECTOR, Presiding Judge.  The appellant, Dan Green, and Shelton Cook were indicted in the district court of Milam county on the 18th day of August, 1875.  The indictment charges that Shelton Cook, on the 3d day of July, 1875, in the county of Milam, did make an assault upon Stephen Jones, with the intent to murder him, and that the appellant, Dan Green, was then and there present, and, knowing the unlawful intent of him, the said Shelton Cook, did then aid by acts, and encourage by words, him, the said Shelton Cook, to make said assault upon said Stephen Jones, with the intent to murder him.

The defendants severed in the trial, and the appellant was first put upon his trial.   He was convicted by the jury of an assault with the intent to murder, his punishment assessed at two years' confinement in the penitentiary, and he has appealed.

The August term, 1875, of the district court of Milam county commenced on the 16th day of August, 1875.   On that day the appellant, Dan Green, with others, filed in writing, in said district court, a challenge to the array of grand jurors, then in court, to be sworn as the grand jury for the August term, 1875, of the district court of Milam county, setting forth the following causes of challenge to said array, viz. :

" 1.  There is no record of the county court of Milam county showing that a grand jury has been drawn for the present term of court.

" 2.  That the county court of Milam county have neglected to prepare a jury list of the qualified jurors of the county, as required by law.

" 3.  That a list of the qualified jurors of said county was not recorded, in a book kept for that purpose, by the clerk of the district court of said county, as required by law.

" 4.  That the said jury list was not revised by the county court within the six months preceding the drawing of said jury, as required by law.

" 5. That the persons now in court, to be sworn as grand jurors, were not selected by the county court within the six months preceding the drawing of said grand jury, as required by law.

" 6. That, at the time the persons now in court, to be sworn as grand jurors, were drawn as such, the county court had no lawful authority to select the same.

" 7. That at this time there is no return showing that the persons now in court, asking to be sworn as grand jurors, were ever summoned as such."

The court below overruled the motion to quash the array, to which ruling of the court the defendant excepted, and took a bill of exceptions.

The appellant filed an application for continuance for the want of the testimony of one Caroline Green, in which he stated that the testimony of the said Caroline was material to his defense ; that she had been attached as a witness for appellant ; that she was then sick, and unable to be in attendance on the trial, as shown by the return of the sheriff ; that he expected to be able to prove by said witness that, since the crime charged in the indictment in this case was committed, the party, Stephen Jones, who was assaulted, or charged to have been assaulted, told the said witness that the defendant, Dan Green, had nothing to do with the assault made upon him ; but that said Dan Green was indicted so that he could not testify in behalf of the other defendant, Shelton Cook, who is jointly indicted with this defendant ; that appellant has a reasonable expectation of procuring this testimony at the next term of this court ; that said witness is not absent by the procurement or con- sent of this defendant ; that this testimony cannot be had from any other source, and that this application is not made for delay.

This application for continuance was overruled. Appel- lant excepted, and took a bill of exceptions to the rulings of the court. We have not the benefit of a statement of

facts, or any brief on the part of the appellant. There was no motion for a new trial; no exceptions to the indictment, or to the charge of the court.

It does not appear from the transcript that Stephen Jones, who is alleged to have been assaulted, testified in the case; for aught we know he was not present at the trial. The testimony of the absent witness, Caroline Green, could be material only to impeach Stephen Jones if he testified in the case. The presiding judge at the trial, in the exercise of his discretion, may have reasonably concluded that Stephen Jones could have very little to do in haying Shelton Cook and Dan Green included in the same indictment, or any knowledge of the reasons. that influenced the district attorney or the grand jury to include them in one indictment.

Whilst a statement of facts may not be necessary to entitle a defendant to a revision of the rulings of the court below upon the admissibility of evidence, or upon the overruling of a defendant's motion for continuance on account of the absence of a witness material for the defense, we have been unable to find any case that has been reversed by an appellate court for overruling a motion for a continuance on account of the absence of a witness whose testimony was desired to impeach a witness for the state, when the record did not show that the person sought to be impeached was summoned as a witness, present at the trial, or testified in the case.

We will not notice the other exception to the ruling of the court below. We do not think there was error in overruling appellant's challenge to the array of grand jurors. A careful examination of Articles 2830, 2831, and 2832, Paschal's Digest, satisfies us on this point.

Article 2830. "Any person, before the grand jury have been impaneled, may challenge the array of jurors, or any person presented as a grand juror."

Article 2831. "A challenge to the array may be made for

these causes only : 1. That the list of persons summoned by the sheriff was not in fact selected by the county court. 2. In case of a grand juror summoned by order of the district court, where there has been a failure to act by the county court, or a failure to attend on the part of the person summoned, that the sheriff has acted corruptly in summoning any one or more of the jurors.''

Article 2832. '' A challenge to a particular grand juror may be for the following causes : 1. That he is under twenty-one years of age. 2. That he is not a citizen of the state, and a qualified voter under the laws. 3. That he is not a freeholder of the state, or a householder of the county. 4. That since the last term of the court he has been prosecuted, and is under accusation, for some offense indictable in the county where he is about to be placed on the grand jury. 5. That he is the prosecutor upon an accusation against the person making the challenge. 6. That he is related by consanguinity or affinity to some person who has been held to bail, or who is in confinement, upon a criminal accusation.''

It will be seen that a challenge *to the array* can be made for two causes *only :* 1st. When the list of persons summoned by the sheriff was not in fact selected by the county court. 2d. In case a grand juror was summoned by order of the district court, that the sheriff had acted corruptly in summoning any one or more of the jurors. By an examination of appellant's challenge to the array, it will be seen that it is not for one of the causes of challenge prescribed in Article 2831. It may be said that, since the adoption of the Code of Criminal Procedure, different rules have been established by law for the selection of grand jurors by the county court. Whilst this is true, there has been no change in the manner or causes of challenge to the array of jurors. See the case of *Poley Reed* v. *The State*, decided at the present term of this court, *ante* p. 1.

In the same chapter in the Code of Criminal Procedure

in which Articles 2830, 2831, and 2832 are found, there are at least ten Articles defining the duties of the county court in selecting a list of grand jurors for each term of the district court, giving the qualification of jurors, the time and manner of selecting them, and requiring a record to be kept of their proceedings, etc. ; and yet a failure of the county court to perform any of the duties therein designated was not made a cause of challenge to the array. See Oldham & White's Dig., title 4, ch. 1. There is nothing in the transcript to lead us to believe that injustice has been done, and nothing that would authorize us to reverse the judgment in this case. The judgment of the court below is affirmed.

*Affirmed.*